# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Kellogg Brown & Root Services, Inc. ) | ASBCA No. 58175 |
| ) | |
| Under Contract No. DAAA09-02-D-0007 ) | |

APPEARANCES FOR THE APPELLANT:     Jason N. Workmaster, Esq.
Alejandro L. Sarria, Esq.
Patrick J. Stanton, Esq.
Covington & Burling LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    E. Michael Chiaparas, Esq.
  DCMA Chief Trial Attorney
Carol L. Matsunaga, Esq.
  Senior Trial Attorney
  Defense Contract Management Agency
Carson, CA

## OPINION BY ADMINISTRATIVE JUDGE SCOTT
## ON TIMELINESS OF APPELLANT'S MOTION FOR RECONSIDERATION
## AND ON APPELLANT'S MOTION FOR RECONSIDERATION

In its 13 May 2015 decision in the subject appeal, *Kellogg Brown & Root Services, Inc.*, ASBCA No. 58175, 15-1 BCA ¶ 35,988, the Board denied appellant's (sometimes KBR) motion for summary judgment that the government's claim was barred by the Contract Disputes Act's six-year statute of limitations, 41 U.S.C. § 7103(a)(4)(A), and granted the government's cross-motion for summary judgment that it was not time-barred. KBR moved for reconsideration by email on 26 June 2015. That day the Board issued an Order that the reconsideration motion appeared to be untimely under Board Rule 20. The Order granted the parties until 27 July 2015 to submit any evidence believed to affect the computation of the reconsideration motion time period or any brief on the issue. KBR responded to the Order and has moved for a Board determination that its reconsideration motion was timely filed. The Board did not receive a response from the government.

For the reasons stated below, we deny KBR's motion for a ruling that its reconsideration motion was timely and we dismiss its reconsideration motion as untimely.

## BACKGROUND

On 14 May 2015 the Board's Recorder sent a copy of the 13 May 2015 decision in question to the parties' counsel of record by certified mail, receipt requested. The certified mail receipt for the copy of the Board's decision sent to government counsel was signed on 19 May 2015. The Board received the receipt on 26 May 2015. The certified mail receipt for the copy of the Board's decision sent to KBR's counsel of record, who represented KBR throughout the summary judgment motions period, was signed on 23 May 2015. The Board received the receipt on 8 June 2015.

By Order dated 18 May 2015 the Board directed that, in view of the Board's 13 May 2015 decision, the parties were to file a proposed schedule for further proceedings in this appeal. KBR's counsel apparently did not receive this Order until 27 May 2015 (*see* below).

On 27 May 2015, one of the counsel then representing KBR, Margaret Brenner, Esq., of Schirrmeister Diaz-Arrastia Brem LLP (Schirrmeister), located in Houston, Texas, telephoned the presiding judge's paralegal assistant. Counsel indicated that mail delivery had been slow due to flooding in Houston. She asked for a copy of the Board's 13 May 2015 decision and the paralegal assistant sent a copy to her that day by email.

Current counsel for KBR filed a notice of appearance with the Board on 17 June 2015, stating that they were replacing prior counsel. As indicated above, on 26 June 2015 current counsel filed "Appellant's Motion for Reconsideration" of the Board's 13 May 2015 decision. The same day the Board issued an Order that the Board's record showed that KBR had received the Board's decision on 23 May 2015 and that the reconsideration motion appeared to be untimely under Board Rule 20.

KBR filed a brief dated 8 July 2015 in support of its timeliness motion. The brief appended as Exhibit A an 8 July 2015 declaration from Mark A. Font, Esq., a Senior Counsel at Schirrmeister, who was one of KBR's former counsel in this appeal. Mr. Font averred that, on 14 May 2015, he checked the Board's website to determine whether a decision on the parties' cross-motions for summary judgment had been posted and that no decision had yet been posted (Font decl. ¶ 3). He further averred:

> 4. The United States Postal Service ("USPS") has a facility located...about a mile and a half from the Schirrmeister office. Despite this proximity, USPS delivery to Schirrmeister was chronically slow and late in the day....Schirrmeister hired a delivery service to expedite mail delivery. The delivery service Schirrmeister employs is Bee-Line Delivery Service ("Bee-Line").

2

5. Monday through Friday, Bee-Line typically picks up Schirrmeister's mail from USPS around 7:00 am. At the post office, Bee-Line receives a USPS-provided bin with Schirrmeister's mail already contained in it. If there is any certified or return receipt mail, there will be a rubber banded stack of green cards (receipts), which the USPS has already removed from the corresponding envelope or package, in the bin. Bee-Line signs the receipts and leaves them at the post office. Bee-Line relies on the USPS to have included in the bin the mail that corresponds to the receipts. Bee-Line then delivers the same bin to Schirrmeister's office door prior to 8:00 am. On Saturdays, Bee-Line typically picks up the mail from USPS between 10:00 and 11:00 am and then delivers the bin to Schirrmeister's front door, just as occurs during the week. Once Schirrmeister receives the bin, the firm's legal assistant reviews and date stamps the mail to record the date of receipt.

6. On Saturday May 23, 2015, Bee-Line employee Guillermo Fernandez ("Fernandez") conducted a regular pick-up from the USPS. At this pick-up, Fernandez signed the green card which the ASBCA indicates was attached to an envelope containing the ASBCA's May 13, 2015, opinion (the "May 13 Opinion"). Fernandez then delivered and left the bin at Schirrmeister's office. Based upon Schirrmeister's consistent practice of date stamping mail to record receipt, I am confident that the bin left at Schirrmeister's office on May 23, 2015, did not include the envelope containing the May 13 Opinion.

7. The next day Schirrmeister received mail was Wednesday, May 27, 2015. May 24, 2015, was a Sunday, and there was no mail delivery. Monday, May 25, 2015, was Memorial Day, and again no mail was delivered. Then, on the evening of May 25 and continuing into May 26, Houston experience[d] torrential rainfall, resulting in mass flooding that shut down much of the city, including Schirrmeister's offices. Accordingly the firm did not receive mail on Tuesday May 26, 2015.

3

8. On May 27, 2015, the mail received in the May 23, 2015 USPS bin and the mail received in the May 27, 2015 USPS bin was distributed. Included in this mail was the Board's May 18, 2015 Order. This was the first notice that the firm had that the Board had issued the May 13 Opinion. I immediately checked the ASBCA website, and the opinion was still not published or available on the ASBCA website. A review of the firm's mail also found no indication that the May 13 Opinion had been delivered to Schirrmeister. My colleague, Ms. Margaret Brenner, then called the Board to inquire as to the status of the May 13 Opinion and, later that day, was provided an electronic copy by Grace Feola.

9. Based upon Schirrmeister's consistent practice of date stamping mail to record receipt, I am confident that it was not until June 2, 2015, that Schirrmeister received a USPS bin containing the hard copy of the May 13 Opinion. This copy was date stamped by the firm's legal assistant on that day.

We find Mr. Font's declaration to be credible despite that it suffers to some extent from hearsay. KBR did not submit an affidavit or declaration from the Bee-Line employee, Mr. Fernandez, who signed the certified receipt on 23 May 2015 (Font decl. ¶ 6), or from its former counsel's legal assistant, who is said to review and date stamp counsel's mail to record the date of receipt (*id.* ¶ 5); or from whoever reviewed counsel's mail, apparently on 27 May 2015, to ascertain whether the Board's 13 May 2015 decision had been delivered to the firm (*id.* ¶ 8); or from anyone at the local USPS station.

KBR speculates that:

8. The delay in delivering to Schirrmeister's offices the copy of the May 13 Opinion that the Board had sent via certified mail was caused by the failure of the USPS to place the envelope containing the May 13 Opinion in a bin for delivery to Schirrmeister prior to June 2, 2015. The USPS's delay in performing this task also is evidenced by the fact that the Board did not receive back the signed certified mail receipt for the envelope containing the May 13 Opinion until June 8, 2015.

(App. mot. at 2-3)

4

## DISCUSSION

Board Rule 20 (formerly Board Rule 29, revised 21 July 2014) provides that a motion for reconsideration "must be filed within 30 days from the date of the receipt of a copy of the decision of the Board by the party filing the motion" and that extensions of the period of time to file a motion "will not be granted," although extensions to file a memorandum in support of a "timely-filed motion" may be granted. Based upon the 23 May 2015 receipt date shown on the certified receipt signed by an employee of the delivery service retained by appellant's then counsel of record, any motion for reconsideration by appellant of the Board's 13 May 2015 decision was due to be filed by 22 June 2015. However, appellant did not file its motion for reconsideration until 26 June 2015, four days later.

Appellant contends that the Board should find that KBR, through its former counsel, did not receive the Board's 13 May 2015 decision on 23 May 2015, despite the receipt signed by the delivery service's representative on that date. Rather, the Board should find that KBR first received the decision on 27 May 2015, when its counsel asked the Board's paralegal assistant for a copy. If that were the receipt date, any reconsideration motion would be due by 26 June 2015 and KBR's reconsideration motion, filed that day, would be timely. Appellant did not cite to any law in support of its timeliness motion.

In fact, the established law does not support appellant. The 30-day time limit is strictly construed. *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶ 35,480 (emailed reconsideration motion 32 minutes late was untimely; appellant did not take advantage of full filing period available and failed to file its motion on time through no fault of the Board); *AEC Corporation, Inc.*, ASBCA No. 42920, 03-1 BCA ¶ 32,139 (motion filed a day late despite appellant's counsel's timely delivery to courier and courier's alleged inability to gain access to Board building on due date was untimely); *Ship Analytics International, Inc.*, ASBCA No. 50914, 01-1 BCA ¶ 31,394 (Navy received Board's decision when agency office authorized to receive mail on behalf of agency received decision in ordinary course of business, not when it was later received by counsel; government's reconsideration motion filed a day late was untimely); and *Bio-Temp Scientific, Inc.*, ASBCA No. 41388, 95-2 BCA ¶ 27,808 at 138,651 (appellant's reconsideration motion filed a day late was "plainly untimely," even if decision did not come to counsel's attention until after it was delivered to location designated by him for receipt of mail, because he was temporarily residing at his parents' residence and using it as a business address; "it is 'receipt,' as opposed to 'notice,' that counts.").

Appellant's counsel's law firm elected to use a service to pick up its mail from the nearby local USPS branch and deliver the mail to its office. Appellant

5

acknowledges that an employee of the service signed the USPS certified receipt that the Board's decision was received on 23 May 2015. Appellant appears to contend that the employee relied entirely upon USPS to place the document to which the receipt pertained in the mail bin he was to deliver to the law firm, and that he did not check to verify that the document for which he signed a receipt was actually in the bin. Such a procedure frustrates the entire purpose of the certified receipt process, upon which the Board typically relies. The signed receipt is the best evidence of receipt. *See Ship Analytics*, 01-1 BCA ¶ 31,394 at 155,101. Appellant bears responsibility for the flaws in its system that ensued.

Indeed, despite the facts that, on 27 May 2015, appellant's counsel learned that the Board had issued a decision 14 days earlier and counsel received a copy by email, and on 2 June 2015, counsel apparently received a copy from its delivery service, including the Board's cover letter showing that the decision had been sent by certified mail on 14 May 2015, there is no evidence that counsel made any inquiry of USPS or its delivery service as to when the certified receipt had been signed or the location of the decision to which the receipt had been appended. Instead, appellant assumed a risk and waited to file its motion until 26 June 2015, which was too late.

## DECISION

We deny appellant's timeliness motion and dismiss its motion for reconsideration as untimely.

Dated: 18 August 2015

CHERYL L. SCOTT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58175, Appeal of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
